IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**COREY HOLLAND**                                                                    **PETITIONER**

**v.**                                                                                      **No. 3:20CV259-GHD-RP**

**MDOC**                                                                                  **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Corey Holland for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Holland has not responded to the State's motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed with prejudice as untimely filed, and, regarding his claim regarding the 2020 revocation of his post-release supervision, as unexhausted.

### Facts and Procedural Posture[1]

Petitioner Corey Holland is in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at the Kemper Neshoba County Regional Correctional Facility ("KNRCF") in DeKalb, Mississippi. On October 12, 2006, a Grand Jury indicted him in the Circuit Court of Union County, Mississippi for aggravated assault. Exhibits A[2] (Docket in

---

[1] As the facts and procedural posture of the case are not in dispute, the court has taken them nearly verbatim from the State's Motion to Dismiss.

[2] The exhibits referenced in the instant memorandum opinion may be found attached to the State's Motion to Dismiss.

Cause No. 2006-168), B (Indictment)[3]. On June 17, 2013, Mr. Holland entered a plea of guilty to the charge of aggravated assault in Union County Circuit Court Cause Number 2006-168. Exhibit C. On the same day, the Union County Circuit Court entered an Order accepting his guilty plea. Exhibit D. The Union County Circuit Court sentenced Holland, under his plea agreement, to serve a term of fifteen years in the custody of MDOC; however, the Union County Circuit Court suspended the imposition of Holland's sentence and placed him on PRS or probation under the supervision of the MDOC for a term of five years, pending his good behavior and compliance with the terms and conditions of his probation. *Id.*

On October 14, 2014, an MDOC field officer filed a "Graduated Sanction Violation Report," together with a "Warrant for Arrest on Violation of [PRS]" and an accompanying Affidavit and Warrant. Exhibit E. The field officer alleged that Mr. Holland had violated the conditions of his PRS in the multiple ways: (1) absconding supervision by failing to report to the MDOC for July, August, and September 2014; (2) testing positive for the use of marijuana on July 21, 2014; (3) failing to pay supervision fees; (4) failing to show for an appointment with the MDOC treatment coordinator after referral on August 13, 2014; and (5) failing to submit any payments on court-ordered fees to the Union County Circuit Clerk's Office. *Id.*

On August 20, 2015, an MDOC field officer filed another "Graduated Sanction Violation Report," together with a "Warrant for Arrest on Violation of [PRS]" and an accompanying

---

[3] The same day Holland was also indicted for three counts of sale of a controlled substance. *See* State Court Record ("SCR"), Union County Circuit Court Cause Number 2006-142. On June 12, 2007, he pled guilty to the charge of sale of cocaine in Count II. *Id.* The same day, the court sentenced him to serve fifteen years in the custody of MDOC, eight years suspended and five years of PRS, upon release. *Id.* The court dismissed Counts I and III of the indictment. *Id.*

Affidavit and Warrant. Exhibit F. The field officer alleged that Mr. Holland had violated the conditions of his PRS in the following ways: (1) failing to report to the MDOC for the months of March 2015 through August 2015, even after efforts to contact Holland by mail and phone; (2) failing to pay supervision fees; and (3) failing to submit any payments on court-ordered fees to the Union County Circuit Clerk's Office. *Id.* On August 27, 2015, Holland signed a Waiver of his right to a preliminary hearing, which was stamped as "filed" on September 4, 2015, together with a "Petition to Revoke [PRS] and Impose Suspended Sentence." Exhibit G. By Order filed on September 10, 2015, the Union County Circuit Court revoked Holland's PRS. Exhibit H. The circuit court further ordered him to serve three years in the custody of the MDOC and suspended the remaining twelve years "conditioned upon [Holland]'s good behavior and" his compliance with all "laws upon his release from custody." *Id.* The circuit court awarded Holland credit for time served awaiting his revocation hearing and placed him on PRS for the "remaining balance" of his sentence "after his release from incarceration." *Id.*

On June 13, 2017, an MDOC field officer filed a Warrant and accompanying Affidavit, alleging that Mr. Holland had violated the terms of his supervised probation by: (1) failing to report to the MDOC since March 10, 2017; and (2) failing to pay supervision fees to the MDOC. Exhibit I. By "Order Revoking Probation Placement in Intensive Supervision Program" filed on November 15, 2017, the Union County Circuit Court revoked Mr. Holland's PRS. Exhibit J. The circuit court ordered him to serve a term of twelve years in the custody of the MDOC with twelve years suspended and placed him in the "intensive supervision/house arrest program for two years[.]" *Id.* The circuit court retained the right of judicial review for one year and explained that Holland's "sentence [wa]s conditioned upon [his agreement and compliance] with all of the conditions outlined in the intensive supervision agreement as provided by the [MDOC]." *Id.*

On July 24, 2018, an MDOC field officer filed a "Violation Report Form," alleging that Mr. Holland had violated the terms of his intensive supervision program by: (1) being arrested by the Oxford Police Department on July 20, 2018, and charged with simple assault – domestic violence; (2) failing to provide a permanent address within three months; (3) testing positive for drugs five times during the year (on December 14, 2017; February 1, 2018; March 6, 2018; June 14, 2018; and July 19, 2018); (4) failing to attend and complete special programs as directed; and (5) failing to pay any court costs. Exhibit K. On July 27, 2018, the State filed a "Petition to Exercise [the Court's] Right of Review," alleging that Mr. Holland violated the terms of his sentence imposed on November 17, 2017, in the manner set forth in the previously filed "Violation Report Form." Exhibit L. On the same day, the Union County Circuit Court entered an "Order Exercising Judicial Review and Modifying Supervision":

> [Holland] shall be sent to [the] MDOC and successfully complete the long-term Alcohol and Drug rehabilitation program and upon completion shall be released and the balance of his sentence then suspended and placed on [PRS] for a period of 5 years.

Exhibit M. On August 30, 2018, the Union County Circuit Court filed an "Order of Modification of Probation," setting forth the terms of the court's modification of Holland's sentence, as detailed above. Exhibit N.

On February 4, 2019, the State filed a "Motion for Citation for Contempt" against Mr. Holland for failing to pay the court costs, fines, and/or restitution ordered by the circuit court. Exhibit O. On June 19, 2019, the State filed a "Petition to Revoke Probation and Impose Suspended Sentence," alleging that Holland had violated the terms of his probation by: (1) failing to report to the MDOC after his release from custody; and (2) being charged with a new domestic incident in Lafayette County. Exhibit P. Also, on June 19, 2019, Mr. Holland signed a

"Waiver of Right to Preliminary Probation Hearing," acknowledging the charged probation violations in the Union County Circuit Court. Exhibit S. On the same date, the Union County Circuit Court entered an "Order Continuing Case," explaining that the court was continuing the pending revocation hearing:

> until a judg[]ment is passed on [Holland]'s pending domestic assault charge in Lafayette County, MS. [Holland] is to be released from the custody of the Union County Sheriff, and [to] continue on the original conditions of his [PRS]. If found guilty of the pending charge, [Holland] is to be brought back before this Honorable Court for sentencing.

Exhibit T.

On October 29, 2019, the State filed another "Petition to Revoke Probation and Impose Suspended Sentence," again alleging that Holland had violated the terms of his probation by: (1) failing to report to the MDOC after his release from custody; and (2) being charged with a new domestic incident in Lafayette County. Exhibit U. On the same day, Mr. Holland signed a "Waiver of Right to Preliminary Probation Hearing," acknowledging the charged probation violations. Exhibit X. On November 8, 2019, the Union County Circuit Court entered an "Order Continuing Case," which was stamped "filed" on November 12, 2019, explaining that the court was continuing the pending revocation hearing and that:

> The Court has been made aware that the pending revocation is, in part, based upon the allegation of new felony charges. For the purposes of judicial efficiency and to allow [Holland] to adequately [p]resent evidence on the new alleged felony charge(s) and explore the possibility of global resolution of the new charges and the revocation, the matter is being continued. [Holland] is aware that the continuance may extend beyond the twenty-one (21) day period by which MDOC is required to bring the revocation before the Court. The Court, being advised in the premises of the matters recited herein, hereby finds [Holland]'s ore tenus motion to be well-taken and the same is granted.

Exhibit Y. The Union County Circuit Court then continued Holland's "probation hearing" until December 4, 2019. *Id.* The circuit court also ordered that "[Holland] be released until that

- 5 -

hearing, conditioned upon good behavior and resumed reporting to MDOC until then." *Id.* Finally, the circuit court ordered that, if Holland failed to appear, then he may be taken back into custody and held until the hearing could be rescheduled by the court. *Id.*

On August 14, 2020, the State filed a "Petition to Revoke Probation and Impose Suspended Sentence," alleging that Holland had violated the terms of his probation by: (1) failing to report to the MDOC after his release from custody; (2) being charged with a new domestic incident in Lafayette County; (3) failing to report to the MDOC as instructed following the circuit court's entry of the Order to continue Holland's probation revocation hearing; (4) failing to make any payment of fees and costs to the Union County Circuit Court, as ordered; and (5) being charged with a new felony – possession of ecstasy. Exhibit Z. On the same day, Holland signed a "Waiver of Right to Preliminary Probation Hearing," acknowledging the charged probation violations. Exhibit CC. Also, on the same date, the Union County Circuit Court entered an "Order Revoking [PRS]," finding that Holland was originally sentenced to serve a term of fifteen years in the custody of the MDOC; however, the court had suspended the imposition of the sentence, pending Holland's good behavior and placed him on a five-year-term of PRS. Exhibit DD.

With respect to the revocation proceeding before it, the circuit court found that Holland violated the terms of his PRS by: (1) failing to report as directed in excess of one year (absconding supervision); and (2) committing a new felony offense. *Id.* The circuit court then revoked Holland's PRS and ten years of the suspended sentence and ordered that he serve four years in the custody of the MDOC, with the remaining six years suspended, conditioned upon Holland's good behavior and compliance with the law upon release. *Id.* The circuit court further placed Holland on PRS for a term of five years upon release from custody and ordered that, "[i]f

[Holland] goes more than 30 days delinquent then he shall be ordered to the restitution center." *Id.* Finally, the circuit court awarded Holland with credit for time served awaiting his revocation hearing. *Id.*

On September 23, 2020, Mr. Holland filed a *pro se* pleading entitled "Petition for Dismissal," challenging his revocation on August 14, 2020. Exhibit EE. On October 9, 2020, the Union County Circuit Court entered an "Order Denying Relief Requested." Exhibit FF. The circuit court explained that Holland had requested that "the [c]ourt dismiss the sentence he received in this cause on August 14, 2020[;]" however, upon review of Holland's sentence and the procedural history of the case, the circuit court found that "the imposed sentence [wa]s proper." *Id.* On October 21, 2020, Holland filed a letter requesting certain documents from his aggravated assault case in the Union County Circuit Court "[b]efore [he] proceed[s] with [his] post conviction[.]" Exhibit GG. As of the filing of the State's Motion to Dismiss, Mr. Holland had not filed a motion for post-conviction relief in the circuit court.

On September 10, 2020, Mr. Holland filed his first federal petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the form of a letter, which was stamped as "filed" in this Court on September 14, 2020. Doc. 1. On October 13, 2020, he filed the instant federal *habeas corpus* petition on the official form. Doc. 5. In his petition, he raises the following grounds for relief, *pro se*:

Ground One: Illegal sentencing/violation of Mississippi Code Section 47-7-34.
Ground Two: Unlawful detainment due to an unjust sentence.
Ground Three: Illegal sentence violates Mississippi Code Section 47-7-34.
Ground Four: 4th Amendment Violation (Double Jeopardy Sentence).
Doc. 5.

In support of his claims, Mr. Holland references his original sentence imposed in 2013 under his guilty plea for aggravated assault and alleges that he has "been resentence[d] 4 different times on this same charge." *Id.* at 9. He alleges that he presented these grounds "verbally" to the circuit court at each of his hearings, but he maintains that "[t]he judges still sentenced [him] illegally." *Id.* at 11. In his request for relief, Mr. Holland states that he has served over twenty years on his aggravated assault conviction, which exceeds the maximum amount of time allowed by law. *Id.* at 14. Holland attaches to his petition a copy of the first page of the Order sentencing him on his underlying guilty plea for aggravated assault on June 17, 2013, along with a copy of the "Notice of Criminal Disposition" from his August 14, 2020 revocation hearing. *Id.* at 15-16. On October 13, 2020, he filed a letter with various exhibits attached, including a copy of the "Notice of Criminal Disposition" from his original June 13, 2017, sentencing hearing and another copy of the "Notice of Criminal Disposition" from his August 14, 2020 revocation hearing, previously submitted to the court. Doc. 6. In his letter, he complains of the conditions of his confinement while housed at the Union County Detention Facility. *Id.*

In his petition, Mr. Holland initially states that he is challenging a judgment of conviction in the Lafayette County Circuit Court. *Id.* at 1. Using this information provided by Holland, on October 19, 2020, the court ordered the State to "file an answer to this action, along with full and complete transcripts of all proceedings in the state courts of Mississippi arising from the charges of aggravated assault violation of probation for failure to report in excess of 1 year ([absconding]); commit[ting] new felony offense against the laws of the State of Mississippi against the [P]etitioner in the Circuit Court of Lafayette County, Mississippi (to the extent such are relevant to the State's response)." Doc. 7 (emphasis added). As noted above, while Holland states that he is challenging a judgment from the *Lafayette* County Circuit Court, the court has

now construed the instant petition to challenge his 2020 revocation in the *Union* County Circuit Court, based upon the fact that Holland is currently serving a sentence from Union County, not Lafayette County. *Id.*; *see also* Doc. 1.

The court has also liberally construed Holland's allegations to consist of additional challenges to his: (1) underlying 2013 guilty plea and resulting sentence for aggravated assault in the Union County Circuit Court; (2) 2015 revocation of PRS imposed by the Union County Circuit Court; (3) 2017 revocation of PRS imposed by the Union County Circuit Court; and (4) 2018 modification of supervision by the Union County Circuit Court. The court will address each of these ground for relief.

## Disposition of Holland's Federal *Habeas Corpus* Grounds for Relief

As discussed below, Mr. Holland's challenge to: (1) his underlying 2013 guilty plea and conviction for aggravated assault and resulting sentence; (2) the 2015 revocation of his PRS; (3) the 2017 revocation of his PRS; and (4) the 2018 revocation of his modified supervision are untimely filed and will be dismissed for that reason. In addition, Mr. Holland's challenge (5) to the 2020 revocation and imposition of his suspended sentence on his Union County aggravated assault charge must be dismissed for failure to exhaust state remedies.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

## Judgment Final and Initial Deadline

On June 17, 2013, Mr. Holland entered plea of guilty to the charge of aggravated assault. Exhibit C. The same day, the Union County Circuit Court entered accepted his guilty plea. Exhibit D. There is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. As such, Mr. Holland's judgment became final on June 17, 2013, the date on which the circuit court entered the Order sentencing Holland on his guilty plea. Thus, the deadline for Mr. Holland to file a federal petition for a writ of *habeas corpus* became June 17, 2014 (June 17, 2013 + 1 year). *See* 28 U.S.C. § 2244(d)(1).

## No Statutory Tolling, Deadline Unchanged

As of the date of the State's motion to dismiss, Mr. Holland had not filed any state post-conviction actions regarding his aggravated assault plea and sentence – or his later revocations. As such, the one-year federal *habeas corpus* statute of limitations ran uninterrupted, and the deadline for Mr. Holland to seek *habeas corpus* relief as to his underlying 2013 guilty plea and resulting sentence for aggravated assault remained June 17, 2014.

## Timeliness Calculation

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on September 10, 2020, and the date it was received and stamped as "filed" in the district court on September 14, 2020. The instant petition was thus filed over six years after the June 17, 2014, filing deadline. The petitioner does not allege any "rare and exceptional" circumstances to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). As such, his ground for relief challenging his 2013 guilty plea and resulting sentence for aggravated assault must be dismissed as untimely filed.

Mr. Holland had not filed a state application for post-conviction collateral relief regarding any of his revocation proceedings by the time the State filed its motion to dismiss. Thus, using the same timeliness calculation above, Mr. Holland's challenge to the 2015 revocation of his PRS; the 2017 revocation of his PRS; and the 2018 revocation of his modified supervision are also untimely filed and should be dismissed with prejudice for that reason.

## Failure to Exhaust: Challenge to 2020 Revocation and Imposition of Suspended Sentence

Mr. Holland has not exhausted his state remedies regarding his challenge to the 2020 revocation and imposition of his suspended sentence. "A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott,* 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v.*

*Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

As of the filing of the State's Motion to Dismiss, Mr. Holland had not filed any petitions for post-conviction collateral relief in the circuit court. Neither had he filed a request for post-conviction relief in the Mississippi Supreme Court. As such, he has not exhausted his state remedies regarding a challenge to his 2020 revocation and the resulting imposition of his suspended sentence for aggravated assault under 28 U.S.C. § 2254(b)(1)(A). Hence, this claim must be dismissed without prejudice for failure to exhaust state remedies.

### Conclusion

For the foregoing reasons, the State's motion to dismiss will be granted, and – as to the petitioner's grounds for relief regarding (1) his underlying 2013 guilty plea and conviction for aggravated assault and resulting sentence; (2) the 2015 revocation of his PRS; (3) the 2017 revocation of his PRS; and (4) the 2018 revocation of his modified supervision – those grounds will be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d). In addition, the petitioner's ground for

relief regarding his challenge to the 2020 revocation and imposition of his suspended sentence will be dismissed without prejudice for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 24ᵗʰ day of August, 2021.

_/s/ Glen H. Davidson_
SENIOR UNITED STATES DISTRICT JUDGE